O’NIELL, J.
Plaintiff appeals from a judgment rejecting a demand for damages for *225 tile value of a ginhouse, cotton, etc., destroyed by fire alleged to have been set out by sparks from a locomotive of the defendant company.
The fire was discovered at about 4:20 a. m., after it had gained considerable headway. It had started on or in that end of the 'gin- ■ house nearest the railroad track, which was about 70 feet away. There is no direct evidence of the origin of the fire. Plaintiff’s allegation that it was started by sparks from a locomotive is based upon the circumstance that a passenger train had passed the gin-house 20 or 30 minutes before the fire was discovered, and while a moderate breeze was blowing in the direction from the track towards the ginhouse. The fire under the boilers in the ginhouse had been put out and the.ash pan flooded át about 6 o’clock on the evening before the fire. There was no watchman on duty at the ginhouse that night. The members of the train crew testified that they did not see any fire at the ginhouse when the train passed.
Perhaps the supposition that the fire was started by sparks from the locomotive would be the most plausible theory of the origin of the fire, if defendant had not proven that the locomotive was equipped with a standard spark arrester, in good condition, and that nothing was done with the engine to cause it to throw sparks an extraordinary distance when it passed the ginhouse. The proof, in that respect, is that the spark-arresting apparatus was examined a few hours after the fire and was found to be in such condition that the locomotive could not have thrown live sparks as far as the ginhouse was from the track. The train did not stop opposite or near the ginhouse; hence there was no cause for extraordinary puffing or emitting of sparks. The fire-door was not opened, or the fire disturbed in the locomotive, at the time or immediately before it passqd the ginhouse.
Although it is, of course, possible that the ■fire was started by sparks from the locomotive, it is not more probable than any other of the numerous suppositions or suggestions so often made as to what might have been the origin of a fire. There is no reason for a suspicion of incendiarism on the part of the plaintiff in this case, because the ginhouse was not insured, the machinery was insured for only about half its value, and the cotton destroyed was not insured at all. But it does not follow th-at the fire was not started by some ■ one else, intentionally or unintentionally.
We agree with the opinion of the district court that the railroad company, should not be held liable in damages upon a mere possibility that the fire might have been started by sparks from the locomotive, when the railroad company has proven affirmatively that 'the spark-arresting apparatus was efficient and that there was no negligence in the handling of the locomotive.
The doctrine of the decision in Tortorice v. Yazoo & M. V. R. Co., 142 La. 229, 76 South. 620, on which plaintiff relies, is a very simple matter of logic, which does not apply to this case. The aphorism stated in the case cited was that, if a locomotive equipped with a standard spark arrester in good condition could not have thrown live sparks far enough to have set fire to the plaintiff’s building, and the locomotive did in fact throw sparks far enough to set fire to the building, it was not equipped with a standard spark ¿rrester in good condition. Eliminating the evidence as to the condition of the spark arrester, the proof in that case was that sparks from the locomotive did set fire to the building. The question was whether the spark arrester was standard and in sound condition. The evidence furnished by *227 the defendant on that question did not counteract the. positive proof that the fire was .started by sparks from the locomotive. In the case before us the doubtful question is what was the cause or origin of the fire. If plaintiff had proven, as in the Tortorice Case, that the fire was started by sparks from the locomotive, the presumption would be that the :spark-arresting equipment was not efficient; and if it was then admitted or proven, as in the Tortorice Case, that an efficient spark arrester would have prevented the throwing of sparks as far as plaintiff’s building was from the railroad track, the presumption would be resolved into a conclusion that the spark arrester was not efficient. The only premise that is conceded in this case is that the locomotive could not have set out the fire if the spark arrester was of standard make and in good condition. The resulting corollaries are either that the spark-arres-ting equipment was not standard and in good condition or that the fire was not caused by sparks from the locomotive. If we eliminate ' the direct evidence of the condition of the spark arrester, the other evidence in the case would yet leave a serious doubt about the cause or origin of the fire. On the other hand, if we eliminate all other evidence upon the question of the cause or origin of the fire, the direct evidence on the subject of the con-dition of the spark arrester leaves no doubt.
Our conclusion is that plaintiff’s failure to prove negligence on the part of defendant makes it unnecessary to pass upon defendant’s plea of contributory negligence founded upon plaintiff’s failure to have a night watchman at the ginhouse. To plaintiff’s neglect to have a night watchman there, however, may be attributed the unfortunate doubt -about the cause or origin of the fire.
The judgment appealed from is affirmed, .at appellant’s cost.